IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KERRY R. HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-680C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY BRIEFING AND OTHER PROCEEDINGS CONCERNING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE "DRIVING TIME" ISSUE

Defendant, the United States, respectfully requests that briefing and other proceedings concerning Plaintiff's Motion for Partial Summary Judgment Regarding the "Driving Time" Issue be stayed pending disposition of Defendant's Motion for Judgment on the Pleadings, Dismissing the Claims Remaining to Be Adjudicated.

On May 29, 2008, we filed a motion for judgement on the pleadings, requesting dismissal of the claim remaining claims to be adjudicated, i.e., plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for time solely spent driving a Government vehicle between home and work. Plaintiff's response to our motion was filed, by leave of the Court, on July 1, 2008. We filed our reply on July 7, 2008. On July 31, 2008 – more than three weeks after our motion for judgment on the pleadings was fully briefed – plaintiff filed a motion for partial summary judgment concerning the same driving time claim addressed in our pending motion.

Proceedings on plaintiff's motion should be stayed pending disposition of the Government's motion, for the sake of efficiency and judicial economy. The granting of our pending motion would render plaintiff's motion moot, and would obviate the need for the

Government to respond to plaintiff's lengthy filings, which include a 33-page brief, a 209-page appendix, and proposed findings of uncontroverted fact, 30 pages long, containing 56 proposed findings.

To require the Government to respond to plaintiff's motion at this time would also be unfair. Plaintiff had an opportunity to present any pertinent arguments and evidence in this matter in response to our motion, and could have included a cross-motion for summary judgment in that response. Instead, plaintiff filed a more limited response, and, more than three weeks after receiving our reply, took a second bite at the apple by filing another brief – this time accompanied by ostensibly pertinent evidence – concerning the same issues raised in our motion.

Disposition of this action based upon our fully-briefed motion would also be likely to result in an earlier resolution of this matter; simply stated, if our motion is granted, the case will have been fully adjudicated and dismissed. If we are required to respond to plaintiff's latest filings, however, plaintiff will presumably follow with a reply in support of their summary judgment motion, and, if our response includes a cross-motion for summary judgment, we would file a reply in support of that motion. Proceedings on plaintiff's motion are likely, therefore, to substantially delay the disposition of this action.

For the foregoing reasons, briefing and other proceedings concerning plaintiff's motion for partial summary judgment should be stayed pending disposition of our fully-briefed motion for judgment on the pleadings.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

August 25, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August 2008, a copy of the foregoing "DEFENDANT'S MOTION TO STAY BRIEFING AND OTHER PROCEEDINGS CONCERNING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE 'DRIVING TIME' ISSUE," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**