IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KERRY R. HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-680C<br>(Judge Margaret M. Sweeney) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY BRIEFING AND OTHER PROCEEDINGS CONCERNING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE "DRIVING TIME' ISSUE**

Plaintiff opposes Defendant's Motion to Stay Briefing and Other Proceedings Concerning Plaintiff's Motion for Partial Summary Judgment Regarding the "Driving Time" Issue on the ground that contrary to defendant's assertion, in fact efficiency and judicial economy will best be served by having the Court consider this case on the basis of plaintiff's pending motion for partial summary judgment rather than exclusively on defendant's motion for judgment on the pleadings.

As this Court recently pointed out in its decision in Cebe Farms, Ind., and Joseph Cebe v. United States, No. 05-965C (Fed. Cl. August 20, 2008):

> A motion for judgment on the pleadings is similar to a motion for summary judgment. See 5C Wright & Miller, supra, § 1369 (noting similarities between the two motions). As discussed above, all factual inferences are drawn in favor of the nonmoving party, as is the case with a motion for summary judgment. See id. If matters outside the pleadings are presented to and not excluded by the court, then "the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by RCFC 56." RCFC 12(c). [footnote omitted] [Slip Opinion and Order at page 3].

In this case, an issue remaining for consideration is whether plaintiff's required home/work driving of a government vehicle is compensable under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

Plaintiff might very well have filed all of the material that supports her partial summary judgment motion in opposition to defendant's motion for judgment on the pleadings. Instead, pursuant to RCFC 56, plaintiff filed a separate motion for partial summary judgment soon after filing its opposition to defendant's motion for judgment on the pleadings under RCFC 12(c). Plaintiff was clearly entitled to file its motion for partial summary judgment on the merits in the interest of "efficiency and judicial economy," notwithstanding the pendency of defendant's motion. Cf. Defendant's Motion to Stay ("Def. Mot.") p. 1.

Further, defendant is mistaken in asserting that "[t]o require the Government to respond to plaintiff's motion at this time would . . . be unfair," because plaintiff "took a second bite at the apple." Def. Mot. p. 2. First, plaintiff's motion for partial summary judgment constituted her first "bite at the apple." It was defendant who took the "first bite" through its RCFC 12(c) motion.

Secondly, if anything, contrary to the Government's assertion, "[p]roceedings on plaintiff's motion are likely . . . to substantially [advance] the disposition of this action," Def. Mot. p. 2, rather than the opposite being the case. Hence, if this Court were to grant defendant's motion for judgment on the pleadings, this matter would thereafter require an appeal to the Federal Circuit by plaintiff, whereas consideration of this matter on plaintiff's motion for partial summary judgment, and defendant's pending motion and any cross-motion that defendant might file, may result in a more reasoned and final decision by this Court on a fuller record. Such a course would make any required appeal more comprehensive, authoritative and dispositive.

Further, if plaintiff had chosen to submit her factual evidence in opposition to defendant's motion for judgment on the pleadings, and the Court thereafter converted the proceeding into a motion for summary judgment pursuant to RCFC 12(c), the Court would have been required to provide to all parties a "reasonable opportunity to present all material made pertinent to such motion by RCFC 56." By filing her motion for partial summary judgment, plaintiff has reduced the need for extended proceedings under RCFC 56, and this circumstance will clearly serve to expedite this proceeding.

Finally, defendant's position herein is lacking in credibility because in Forbes v. United States, Case No. 06-510C ("Forbes") and Gonzalez, et al. v. United States, Case No. 07-790C ("Gonzalez"), which are pending in this Court, defendant filed its oppositions to plaintiffs' motions for partial summary judgment on September 9, 2008. Indeed, in Gonzalez defendant filed a cross-motion for partial summary judgment. Plaintiffs' motions for partial summary judgment in Forbes and Gonzalez are almost identical to plaintiff's partial summary judgment motion herein. Thus, defendant will in no way be prejudiced by being required to respond to plaintiff's motion for partial summary judgment herein. Indeed, its response may very well assist the Court in gaining a fuller understanding of, and resolving, this case expeditiously.

Wherefore, based upon the foregoing facts and circumstances, plaintiff believes that the Court should deny defendant's motion to stay and require this proceeding to go forward under RCFC 56.

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

**s/Jules Bernstein**
Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
(202) 296-7220 facsimile

Counsel of Record

**s/Edgar James**
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile

Attorneys for Plaintiff

Dated: September 11, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 11th day of September 2008, a copy of the foregoing "PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY BRIEFING AND OTHER PROCEEDINGS CONCERNING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE "DRIVING TIME' ISSUE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.