# In the United States Court of Federal Claims

No. 06-680 C
(Filed: December 22, 2008)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KERRY R. HAMILTON, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RULING ON DEFENDANT'S MOTION TO STAY BRIEFING CONCERNING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the court is Defendant's Motion to Stay Briefing and Other Proceedings Concerning Plaintiff's Motion for Partial Summary Judgment Regarding the "Driving Time" Issue ("motion"). Defendant requests that the court stay briefing and other proceedings related to plaintiff's motion for partial summary judgment pending the disposition of defendant's fully briefed motion for judgment on the pleadings filed pursuant to Rule 12(c) of the Rules of the United States Court of Federal Claims ("RCFC"). Specifically, defendant argues that a stay is necessary

> for the sake of efficiency and judicial economy. The granting of our pending motion [for judgment on the pleadings] would render plaintiff's motion moot, and would obviate the need for the Government to respond to plaintiff's lengthy filings, which include a 33-page brief, a 209-page appendix, and proposed findings of uncontroverted fact, 30 pages long, containing 56 proposed findings.

Def.'s Mot. Stay Briefing & Other Proceedings Concerning Pl.'s Mot. Partial Summ. J. Regarding "Driving Time" Issue ("Def.'s Mot.") 1-2. Furthermore, defendant notes that the court's consideration of its motion for judgment on the pleadings "would also be likely to result in an earlier resolution of this matter" because, if the motion is granted, "the case will have been fully adjudicated and dismissed." Id. at 2; see also Def.'s Reply Pl.'s Opp'n Def.'s Mot. ("Def.'s Reply") 4 (noting that plaintiff's "belated filing of a partial summary judgment motion" changed neither the procedural posture of nor substantive issues presented in this case and that defendant's motion for judgment on the pleadings "should be decided prior to any proceedings concerning plaintiff's motion").

Additionally, defendant maintains that requiring it to respond to plaintiff's motion for partial summary judgment is unfair because "[p]laintiff had an opportunity to present any pertinent arguments and evidence in this matter in response to our motion, and could have included a cross-motion for summary judgment in that response.  Instead, plaintiff filed a more limited response . . . ."  Def.'s Mot. 2.  Defendant characterizes plaintiff's motion for partial summary judgment as taking "a second bite at the apple by filing another brief–this time accompanied by ostensibly pertinent evidence–concerning the same issues raised in our motion." Id.  But see Pl.'s Opp'n Def.'s Mot. ("Pl.'s Opp'n") 2 ("[P]laintiff's motion for partial summary judgment constituted her first 'bite at the apple.'  It was defendant who took the 'first bite' through its RCFC 12(c) motion.").

Plaintiff contends that judicial efficiency and economy "will be best served by having the Court consider this case on the basis of plaintiff's pending motion for partial summary judgment rather than exclusively on defendant's motion for judgment on the pleadings."  Pl.'s Opp'n 1. According to plaintiff, she

> might very well have filed all of the material that supports her partial summary judgment motion in opposition to defendant's motion for judgment on the pleadings.  Instead, pursuant to RCFC 56, plaintiff filed a separate motion for partial summary judgment soon after filing [her] opposition to defendant's motion for judgment on the pleadings under RCFC 12(c).  Plaintiff was clearly entitled to file [her] motion for partial summary judgment on the merits in the interest of "efficiency and judicial economy," notwithstanding the pendency of defendant's motion.

Id. at 2.  Additionally, plaintiff asserts that

> if this Court were to grant defendant's motion for judgment on the pleadings, this matter would thereafter require an appeal to the Federal Circuit by plaintiff, whereas consideration of this matter on plaintiff's motion for partial summary judgment, and defendant's pending motion and any cross-motion that defendant might file, may result in a more reasoned and final decision by this Court on a fuller record.  Such a course would make any required appeal more comprehensive, authoritative[,] and dispositive.

Id.  Furthermore, plaintiff notes that the court would have been required to provide the parties with a reasonable opportunity to present material made pertinent to a summary judgment motion if she submitted factual evidence in opposition to defendant's motion for judgment on the pleadings.  Id. at 3.  As such, plaintiff asserts that she "has reduced the need for extended proceedings under RCFC 56, and this circumstance will clearly serve to expedite this proceeding."  Id.

Lastly, plaintiff emphasizes that defendant previously filed oppositions to plaintiffs' motions for partial summary judgment in Forbes v. United States, No. 06-510C, and Gonzalez, et al. v. United States, No. 07-790C.  Id.  As such, plaintiff argues that defendant "will in no way be prejudiced by being required to respond to plaintiff's motion for partial summary judgment herein."  Id.  Defendant, however, notes that the procedural postures in both cases differed from the situation presented here.  Def.'s Reply 4.

The court agrees with defendant.  As an initial matter, the court is not persuaded by plaintiff's reliance upon the briefing conducted in Forbes and Gonzalez.[1]  While the issues in those cases may be substantially similar to those at issue here, Forbes and Gonzalez differ procedurally.  In Forbes, defendant filed an RCFC 12(c) motion on July 11, 2008, to which plaintiff responded by filing a motion for partial summary judgment together with her opposition to defendant's RCFC 12(c) motion on July 31, 2008.  After the court granted a motion for enlargement, briefing on both defendant's RCFC 12(c) motion and plaintiff's motion for partial summary judgment was completed on September 11, 2008, approximately six weeks after defendant first filed its motion.  The Forbes court ultimately construed defendant's RCFC 12(c) motion as one for summary judgment and issued its decision on that basis.  See Forbes, 84 Fed. Cl. 319, 321 (2008).  Additionally, defendant in Gonzalez never filed an RCFC 12(c) motion. Instead, plaintiffs filed a motion for summary judgment on July 31, 2008, and defendant responded with its own cross-motion for summary judgment on September 9, 2008.

In this case, defendant filed its RCFC 12(c) motion on May 29, 2008, and briefing on that motion concluded on July 7, 2008.  The court granted plaintiff's request for an extension of time to file her dispositive motion on June 24, 2008.  Six days later, plaintiff filed her response brief to defendant's RCFC 12(c) motion.  Then, on July 31, 2008, over one month after she filed her response and the same date on which the plaintiffs in Forbes and Gonzalez filed their motions in those cases, plaintiff filed her motion for partial summary judgment.  While plaintiff was not precluded from filing her motion for partial summary judgment on July 31, 2008, she herself acknowledges that she "might very well have filed all of the material that supports her partial summary judgment motion in opposition to defendant's motion for judgment on the pleadings." Pl.'s Opp'n 2.  Furthermore, plaintiff does not explain why she opted to file her motion for partial summary judgment separately rather than incorporate it into her response brief, as was the case in Forbes, particularly if plaintiff deemed the materials she submitted in support of her motion for partial summary judgment indispensable to this court's adjudication of this matter.  In light of the fact that an RCFC 12(c) motion is similar to a motion for summary judgment brought pursuant to RCFC 56, see 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1369 (3d ed. 2004) (noting similarities between the two motions under the Federal Rules of Civil Procedure), such a course of action was certainly appropriate.

---

[1] Counsel for both parties in the instant case are the same as counsel in both Forbes and Gonzalez.

Plaintiff concedes that the plaintiffs' motions in <u>Forbes</u> and <u>Gonzalez</u> "are almost identical to plaintiff's partial summary judgment motion . . . ." Pl.'s Opp'n 3.  Thus, plaintiff could have requested additional time to respond to defendant's RCFC 12(c) motion in order to combine her response with a motion for partial summary judgment motion, if necessary, and expedite a resolution in this case.  By pursuing such a course of action, plaintiff would have responded to defendant's RCFC 12(c) motion by submitting "matters outside the pleadings," which would have necessitated conversion of defendant's motion for judgment on the pleadings into one for summary judgment at that time, RCFC 12(d).[2]  <u>See, e.g.</u>, <u>Schultz v. United States</u>, 5 Cl. Ct. 412, 415-16 (1984) (converting defendant's motion for judgment on the pleadings into a motion for summary judgment after plaintiff presented–and the court did not exclude–matters outside the pleadings, <u>i.e.</u>, statements from pre-trial submissions and answers to defendant's interrogatories, during oral argument on defendant's motion for judgment on the pleadings).  One round of briefing, rather than the prospect of two, which resulted in defendant filing the instant motion, would have adequately addressed both motions.[3]  <u>See</u> Def.'s Reply 3 ("If plaintiff had submit[ted] her evidence with her opposition to our motion for judgment on the pleadings, and if the Court had converted the proceeding into a motion for summary judgment, then any further proceedings that might have been required under RCFC 56 would have begun at that time.").  Indeed, the United States Court of Appeals for the First Circuit, in <u>DeMayo v. Nugent</u>, made the following determination, which the court finds instructive and relevant here:

> [Appellees] argue that, even if the district court erred in dismissing this case, granting partial judgment in favor of [appellant] is inappropriate because [appellees] 'have not yet been called upon, or required, to submit evidence that would support their actions.'  This contention ignores the nature of a motion for judgment on the pleadings under Rule 12(c).  <u>If [appellants] wished to present evidence of additional facts that might refute or undermine [appellant's] pleadings, the place to do so was in their response to his motion.  At that point, the proper course for the district court would have been to convert the motion into one for summary judgment.  Having failed to present any such evidence, by affidavit or otherwise, [appellants] may not now seek a second bite at the apple when they have not availed themselves of the procedures provided to them by the Rules.</u>  The purview of Rule 12(c) would be nugatory if litigants could simply

---

[2]  The court is required to treat an RCFC 12(c) motion as one for summary judgment under RCFC 56 if it does not exclude matters outside the pleadings that are presented to it.  <u>See</u> RCFC 12(d).

[3]  The court disagrees with defendant's contention that plaintiff "simply delayed the initiation of [summary judgment] proceedings" in this case.  Def.'s Reply 3.  To the contrary, given the fact that plaintiffs in <u>Forbes</u> and <u>Gonzalez</u> filed "almost identical" summary judgment motions on July 31, 2008, Pl.'s Opp'n 3, it is likely that plaintiff's counsel, who represents all of these plaintiffs, <u>see</u> <u>supra</u> note 1, simply coordinated filing plaintiff's motion at the same time, despite the fact that all three cases were not on an identical litigation track.

object to the procedure, with vague intimations of unspecified factual
disagreements, to defeat a motion for judgment on the pleadings without
presenting any evidence to suggest that the opposing party is not entitled to relief.

517 F.3d 11, 19 (1st Cir. 2008) (citation omitted) (emphasis added).

Additionally, as stated above, plaintiff asserts that she will appeal a decision granting
defendant's motion for judgment on the pleadings because consideration of RCFC 56 motions
"may result in a more reasoned and final decision by this Court on a fuller record."  Pl.'s Opp'n
2.  An RCFC 12(c) motion "is designed to provide a means of disposing of cases when the
material facts are not in dispute between the parties and a judgment on the merits can be achieved
by focusing on the content of the competing pleadings," 5C Wright & Miller, supra, § 1367
(discussing Fed. R. Civ. P. 12(c)) (footnote omitted), and judgment on the pleadings "is
appropriate where there are no material facts in dispute and the [movant] is entitled to judgment
as a matter of law," N.Z. Lamb Co. v. United States, 40 F.3d 377, 380 (Fed. Cir. 1994).  If
judgment on the pleadings in favor of defendant is appropriate as a matter of law, then delaying
adjudication of this case in order to produce a "fuller record" through briefing of plaintiff's
motion for partial summary judgment, Pl.'s Opp'n 2, would not affect that determination.
Indeed, such briefing would be wholly unnecessary.

The court disagrees with plaintiff's assertion that she "has reduced the need for extending
proceedings under RCFC 56" by filing a separate motion for partial summary judgment.  Id. at 3.
Regardless of plaintiff's motivation to bifurcate her response to defendant's RCFC 12(c) motion
and her motion for partial summary judgment, see supra note 3, the court concludes that it is
imprudent to brief plaintiff's motion for partial summary judgment prior to the court's ruling
upon defendant's RCFC 12(c) motion.  Should the court grants defendant's RCFC 12(c) motion,
such a ruling would obviate the need for the parties to brief plaintiff's motion for partial
summary judgment, and plaintiff can timely appeal an adverse decision.  Should the court deny
defendant's RCFC 12(c) motion, such a ruling would enable the parties to continue briefing
plaintiff's motion for partial summary judgment.  Regardless of the substantive decision reached
with respect to defendant's RCFC 12(c) motion, the procedural posture of this case is such that
future proceedings are contingent upon that determination.  **Accordingly, defendant's motion is
GRANTED**.  The court stays briefing of plaintiff's motion for partial summary judgment until
such time as it rules upon defendant's RCFC 12(c) motion.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge